
```
JOE E. COLVIN, ESQUIRE
STATE BAR IDENTIFICATION No. 484
LAW OFFICES OF JOE E. COLVIN
543 Plumas Street, Reno, NV 89509
(775) 348-0099 | FAX - 348-1738

Attorneys for Plaintiffs.
```

FILED
02 FEB 15 AM 10: 49
LANCE S. WILSON
CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| LAURA SEGOVIA, DAVID PERE, LUCIA PEREZ, CLARA BONILLA, RUTH PERE, MARIBEL PEREZ, DALYS BENNINGHOF, ANNETTE CASTILLO, RENE UCROSS, JUAN CARLOS CAICEDO, MATRIX HOLDINGS FOUNDATION, GRIFFITH BUSINESS CORP., VENTURE CONSULTANTS, S.A., MADRID MANAGEMENT, S.A., ASSOCIATED PRODUCT SERVICES, LTD., DULCINEA HOLDINGS, S.A., RED QUEEN, S.A., BO WAN INTERNATIONAL GROUP, ROMAN 17 LTD., and GHANA GOLD LTD., Plaintiffs, vs. OCTUS, INC., a Nevada corporation; and DOES 1-5, Defendants. | CV-N-02-0077-HDM-RAM  **COMPLAINT** |

COME NOW, the above-named plaintiffs, LAURA SEGOVIA, DAVID PERE, LUCIA PEREZ, CLARA BONILLA, RUTH PERE, MARIBEL PEREZ, DALYS BENNINGHOF, ANNETTE CASTILLO, RENE UCROSS, JUAN CARLOS CAICEDO, MATRIX HOLDINGS FOUNDATION, GRIFFITH BUSINESS CORP., VENTURE CONSULTANTS, S.A., MADRID MANAGEMENT, S.A., ASSOCIATED PRODUCT SERVICES, LTD., DULCINEA HOLDINGS, S.A., RED QUEEN, S.A., BO WAN INTERNATIONAL GROUP, ROMAN 17 LTD., and GHANA GOLD LTD., by and through their attorney, JOE E. COLVIN, ESQ. and/or his law offices, and for cause(s) of action against the defendants, and each of them, allege, aver, and claim for relief as set forth directly hereinbelow.

///
///

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332, based upon diversity of citizenship (all plaintiffs are citizens of a foreign country and all defendants are citizens of the State of Nevada) and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00).

## FIRST CLAIM FOR RELIEF

2. Plaintiffs are all holders of promissory notes issued by Defendant OCTuS, INC., as Maker thereof, and, at all times pertinent hereto, have been residents of a foreign country.

3. Defendant OCTuS, INC. (the "Corporation") is a corporation duly organized and existing pursuant to the laws of the State of Nevada and conducts business in Nevada.

4. Plaintiffs do not know the true names or capacities of the Defendants sued herein as DOES 1-5 and, therefore, plaintiffs sue said defendants by fictitious names. Plaintiffs are informed and believe, and therefore, allege, that each of said defendants is legally responsible for the claims for relief and the events and happenings referred to herein, and caused damages to plaintiffs, as alleged herein.

5. At all times pertinent hereto, upon information and belief, certain defendants were the agents (including officers and directors) and/or employees of certain co-defendants and, in doing the things hereinafter alleged, were acting within the course and scope of such agency and/or employment and with the permission and consent of such co-defendants.

6. Defendant Corporation issued two (2) promissory notes – one dated April 14, 1998, and the other dated September 27, 2000 (the "Notes") – as consideration for monies received. Plaintiffs are the holders of the Notes. Said Notes have not been re-paid as and when due, and each of said Notes is now in default. Plaintiffs have made demand for payment, but Defendant Corporation has failed and refused to pay said Notes.

7. On the same dates, and concurrent with the execution of the Notes, Defendant Corporation entered into two (2) agreements (the "Agreements") with plaintiffs,

///

1 whereby Defendant Corporation agreed to repay the Notes from funds received from the
2 exercise of warrants ("Warrants") issued by Defendant Corporation.

3     8. Plaintiffs have fully performed according to the terms of the Notes and the
4 Agreements.

5     9. As a direct and proximate result of such conduct, and pursuant to the terms
6 of the Notes, plaintiffs are owed the principal sum of Four Hundred Twenty-six Thousand Five
7 Hundred Eleven U.S. Dollars ($426,511.00), plus accrued interest (through December 31,
8 2001) in the sum of One Hundred Eighty-four Thousand Two Hundred Fourteen U.S. Dollars
9 ($184,214.00). The total sum due and payable, as of December 31, 2001, was Six Hundred
10 Ten Thousand Seven Hundred Twenty-five U.S. Dollars ($610,725.00). Interest continues to
11 accrue at the rate of ten percent (10%) per annum.

12     10. As a further direct and proximate result of said conduct, plaintiffs have
13 incurred special damages, the full nature and extent of which have not yet been determined,
14 but plaintiffs will amend this Complaint to conform to proof at the time of trial. Said special
15 damages include attorney's fees, costs and expenses incurred herein.

16     WHEREFORE, plaintiffs pray for judgment as more particularly
17 hereinafter set forth.

18 ### SECOND CLAIM FOR RELIEF

19     11. Plaintiffs reallege the allegations contained in Paragraphs 1-8 hereof as
20 though fully set forth herein.

21     12. Defendants had personal knowledge that funds received from the exercise
22 of the Warrants were agreed to be paid to plaintiffs, pursuant to the Agreements. Notwith-
23 standing such knowledge, upon receipt of the funds from the exercise of the Warrants,
24 defendants negligently paid such funds in satisfaction of other debts and not pursuant to the
25 Agreements.

26     13. As a direct and proximate result of said conduct, plaintiffs have incurred
27 general damages in a sum in excess of Fifty Thousand Dollars ($50,000.00).
28 ///

| | |
|---|---|
| 1 | 14. As a further direct and proximate result of said conduct, plaintiffs have |
| 2 | incurred special damages in a sum which has not yet been fully determined. Plaintiffs will seek |
| 3 | leave to amend this Complaint to conform to proof at the time of trial. |
| 4 | WHEREFORE, plaintiffs pray for judgment as more particularly |
| 5 | hereinafter set forth. |

### THIRD CLAIM FOR RELIEF

15. Plaintiffs reallege the allegations contained in Paragraphs 1-12 hereof as though fully set forth herein.

16. Defendants entered into an agreement to engage in the acts set forth herein.

17. Such conduct by Defendants constitutes a civil conspiracy.

18. As a direct and proximate result of said conduct, Plaintiffs have incurred general damages in a sum in excess of $50,000.00.

19. As a further direct and proximate result of said conduct, Plaintiffs have incurred special damages in a sum which has not yet been fully determined. Plaintiffs will seek leave to amend this Complaint to conform to proof at the time of trial.

WHEREFORE, plaintiffs pray for judgment as more particularly hereinafter set forth.

### PRAYER FOR RELIEF

20. WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

    A. For judgment in favor of plaintiffs and against defendants, and each of them, on all claims set forth herein, specifically including a judgment for the amount of the Notes plus all accrued interest.

    B. For general damages in favor of plaintiffs in a sum in excess of Fifty Thousand Dollars ($50,000.00) from each defendant.

///

1      C. For special damages according to proof at the time of trial,
2         including attorney's fees, costs and expenses. Plaintiffs
3         will amend this Complaint to conform to proof at the time
4         of trial.
5      D. For such other and further relief as the Court deems just
6         and proper.
7  Respectfully submitted and
8  DATED this ___14___ day of ____February____, 2002.

LAW OFFICES OF JOE E. COLVIN

_____
JOE E. COLVIN, ESQUIRE
STATE BAR IDENTIFICATION NO. 484
543 Plumas Street, Reno, Nevada 89509
(775) 348-0099 | FAX = 348-1738

Attorney(s) for Plaintiffs.

**COMPLAINT – PAGE 5 OF 5**